MARGARET E. KIDDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68845.   Promulgated March 13, 1934.

*William S. Lare, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

TRAMMELL: The petitioner contends that she sustained a deductible loss on the sale on July 16, 1930, of 500 shares of Indian Refining Co. stock trust certificates for common stock, on the ground that the purchase on the same day of 500 shares of common stock of that company was not the acquisition of substantially identical property within the meaning of section 118 of the Revenue Act of 1928. That section provides as follows:

SEC. 118. LOSS ON SALE OF STOCK OR SECURITIES.

In the case of any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) or has entered into a contract or option to acquire substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition, no deduction for the loss shall be allowed under section 23 (e) (2) of this title; nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business. If such acquisition or the contract or option to acquire is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed.

The respondent takes the position that the acquisition of the common stock was the acquisition of substantially identical property as the voting trust certificates for common stock and that, therefore, under the statute, the petitioner sustained no deductible loss.

The voting trust certificates represented the interest of the petitioner in the common stock. She would have been entitled to the common stock represented by the trust certificates six days after the sale of the certificates. We think that the voting trust certificates for common stock were substantially the same, within the meaning of the statute, as common stock. The holders of the common stock voluntarily created the trust to hold the stock for them. While after the creation of the trust the holders of common stock did not hold legal title to the stock, they were the beneficial owners. The trustee held the stock for them. It is true that the owners of the common stock could not vote it during the existence of the trust agreement. In our opinion, this fact is not sufficient to make such certificates a substantially different kind of property from the common stock itself. Otherwise, stockholders could circumvent the statute by creating trust agreements in order to sell certificates representing their ownership within 30 days from the creation of the trust agreement and buy back common stock. We do not believe that it was the purpose of the statute to permit such transactions.

It would seem clear that an exchange of voting trust certificates

for common stock would be such an exchange as would leave the taxpayer with substantially the same property as was possessed before and would not result in gain or loss. This is the position the respondent has taken in IT–2292, C.B. V–1, p. 12. A sale of trust certificates under circumstances such as existed in this case would not result in an actual loss. The petitioner, on the same day of the sale, purchased an equal number of shares of stock to which she would have been entitled, in any event, six days after the sale. The common stock merely took the place of the certificates and it is our opinion that no deductible loss resulted from the transaction within the meaning of section 118 of the Revenue Act of 1928.

Reviewed by the Board.

*Judgment will be entered for the respondent.*